No. 22-60195

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

CONSUMERS' RESEARCH, et al.

*Petitioners,*

v.

FEDERAL COMMUNICATIONS COMMISSION and
UNITED STATES OF AMERICA,

*Respondents.*

On Petition for Review of an Order of the Federal Communications Commission

## UNOPPOSED MOTION OF THE SCHOOLS, HEALTH & LIBRARIES BROADBAND COALITION FOR LEAVE TO INTERVENE

Stephanie Weiner
Jason Neal
Harris, Wiltshire & Grannis LLP
1919 M St., NW, 8th Floor
Washington, DC 20036
(202) 730-1300
sweiner@hwglaw.com

*Counsel for the Schools, Health & Libraries Broadband Coalition*

May 3, 2022

**UNOPPOSED MOTION OF THE SCHOOLS, HEALTH & LIBRARIES BROADBAND COALITION FOR LEAVE TO INTERVENE**

Pursuant to 28 U.S.C. § 2348 and Federal Rule of Appellate Procedure 15(d), the Schools, Health & Libraries Broadband Coalition ("SHLB Coalition" or "SHLB") moves for leave to intervene in support of Respondents in the above-captioned case. Movant-Intervenors have contacted Petitioners and Respondents through their counsel, and all parties have stated that they will not file an objection to this motion. *See* 5th Cir. R. 27.4. This motion is timely because Petitioners filed their Petition for Review in this Court on April 5, 2022, and this motion was filed within the 30-day time period set out in Federal Rule of Appellate Procedure 15(d).

The SHLB Coalition is an incorporated 501(c)(3) public interest organization with over 300 members who share the goal of promoting open, affordable, high-quality broadband for anchor institutions and their communities. Petitioners challenge the funding mechanism for the Universal Service Fund ("USF")—which funds longstanding, vitally important programs that support affordable telecommunications and internet access service for rural health care providers, schools, and libraries nationwide. Many of SHLB Coalition's members participate in and benefit from these USF programs. The Petition, if successful, would do great harm to the interests and goals of SHLB Coalition and its members.

SHLB Coalition meets the statutory requirements to intervene as a matter of right. *See* 28 U.S.C. § 2348. The interests of SHLB Coalition's members will be substantially affected by this Court's review of the Federal Communications Commission's approval of the USF contribution factor for the USF program for the second quarter of 2022. *See generally Proposed Second Quarter 2022 Universal Service Contribution Factor*, Public Notice, DA 22-268, CC Docket No. 96-45 (rel. Mar. 14, 2022). Petitioners' case has far-reaching implications: they challenge not only the Commission's power to set a contribution factor, but also its authority to collect and distribute universal service funds at all. *See* Pet. for Review at 4-5. Petitioners filed similar challenges in the Sixth Circuit and in this Court, and SHLB Coalition has intervened in those appeals as well. *See* Order, *Consumers' Research v. FCC*, No. 21-3886 (6th Cir. Nov. 18, 2021) (granting SHLB Coalition's motion to intervene); Order, *Consumers' Research v. FCC*, No. 22-60008 (5th Cir. Feb. 11, 2022) (granting SHLB Coalition's motion to intervene).

As an organization, SHLB Coalition is a strong supporter of the USF programs, and it regularly advocates before the Federal Communications Commission on USF-related matters.[1] Many of its members receive funding

---

[1] *See*, *e.g.*, Comments of the Schools, Health & Libraries Broadband (SHLB) Coalition, *In the Matter of Modernizing the E-rate Program for Schools and Libraries*, WC Docket No. 13-184 (filed Sept. 27, 2021).

3

support from critical USF programs. In particular, health care providers that are SHLB Coalition members receive support through the Rural Health Care Support Mechanism, a program that allows rural health care providers to pay rates for telecommunications and advanced services similar to those of their urban counterparts, making telehealth services affordable. Its educational members receive support through the Schools and Libraries Support Mechanism, known as the "E-Rate" program, which provides telecommunications services, internet access, and connection equipment to eligible schools and libraries. This case has put the continued existence of these funding sources in jeopardy.

In addition, SHLB Coalition's ability to protect its interests may be impaired absent intervention to the extent that Respondents may not adequately represent SHLB Coalition's interests. *See*, *e.g.*, *Entergy Gulf States La., LLC v. U.S. EPA*, 817 F.3d 198, 203 (5th Cir. 2016) (describing the burden of demonstrating inadequate representation, where it applies, as "minimal"). Nor do Respondents and SHLB Coalition have the "same ultimate objective." *Id.* (internal quotation marks omitted). While both Respondents and SHLB Coalition "vigorously oppose" Petitioners' challenges to the USF programs, "their interests may not align precisely." *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014). The government's interests in representing the public at large are different from the

targeted interests of SHLB Coalition in pursuing its policy goals on behalf of its members.

Accordingly, SHLB Coalition respectfully requests that it be granted leave to intervene in support of Respondents.

Dated: May 3, 2022　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Stephanie Weiner
　　　　　　　　　　　　　　　　　　　　Stephanie Weiner
　　　　　　　　　　　　　　　　　　　　Jason Neal
　　　　　　　　　　　　　　　　　　　　Harris, Wiltshire & Grannis LLP
　　　　　　　　　　　　　　　　　　　　1919 M St., NW, 8th Floor
　　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　　(202) 730-1300
　　　　　　　　　　　　　　　　　　　　sweiner@hwglaw.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Schools, Health & Libraries Broadband Coalition*

# CERTIFICATE OF INTERESTED PERSONS

**No. 22-60195,** *Consumers' Research, et al. v. Federal Communications Commission and United States of America*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

(1) Petitioners are: Consumers' Research; Cause Based Commerce, Incorporated; Kersten Conway; Suzanne Bettac; Robert Kull; Kwang Ja Kerby; Tom Kirby; Joseph Bayly; Jeremy Roth; Deanna Roth; Lynn Gibbs; Paul Gibbs; and Rhonda Thomas.

(2) Counsel for Petitioners are: C. Boyden Gray, R. Trent McCotter, Jonathan Berry, Michael Buschbacher, and Jared M. Kelson, of Boyden Gray & Associates.

(3) The Federal Communications Commission is a federal agency, and the United States of America is a respondent by statute.

(4) Counsel for the Federal Communications Commission are: P. Michele Ellison, Jacob Matthew Lewis, James Michael Carr, Adam Crews, and Merrick Garland. Counsel for the United States of America are: Merrick Garland, Gerard J. Sinzdak, and P. Michele Ellison.

(5) Movant-Intervenor Schools, Health & Libraries Broadband Coalition is an incorporated 501(c)(3) public interest organization with over 300 members who share the goal of promoting open, affordable, high-quality broadband for anchor institutions and their communities.  Its members include representatives of health care providers and networks, schools, libraries, state broadband offices, private sector companies, state and national research and education networks, and consumer organizations.  A complete list is available at http://shlb.org/about/coalition-members.  Schools, Health & Libraries Broadband Coalition is a non-profit corporation that has no owners or subsidiaries; accordingly, it has no parent corporation and no publicly held corporation owns 10% or more of its stock.

(6) Counsel for Movant-Intervenor Schools, Health & Libraries Coalition are Stephanie Weiner and Jason Neal of Harris, Wiltshire & Grannis LLP.

(7) Several parties have also intervened in this appeal: Benton Institute for Broadband & Society, the National Digital Inclusion Alliance, and the Center for Media Justice doing business as MediaJustice.  Counsel for those movants is Andrew Jay Schwartzman.

(8) Pursuant to Fifth Circuit Rule 28.2.1, the following describes the "large group of persons or firms" that are "financially interested in the outcome" of this litigation: Petitioners challenge the Federal Communications

Commission's approval of the *Proposed Second Quarter 2022 Universal Service Contribution Factor*, Public Notice, DA 22-268, CC Docket No. 96-45 (rel. Mar. 14, 2022). Telecommunications companies obligated to pay a percentage of their interstate end-user revenues to the Universal Service Fund based on the Contribution Factor are financially interested in the outcome of this litigation. The Universal Service Fund pays for four programs: the "Lifeline/Link Up" program, the "High-Cost" program, the "Schools and Libraries" program, and the "Rural Health Care" program. *See*, *e.g.*, Federal Communications Commission, *Universal Service Support Mechanisms*, https://www.fcc.gov/consumers/guides/universal-service-support-mechanisms (last visited May 3, 2022). Direct beneficiaries of those programs, providers of services covered by those programs, and many other participants in the overall telecommunications industry are financially interested or potentially interested in the outcome of this litigation.

Dated: May 3, 2022                                    /s/ Stephanie Weiner

                                                                      Stephanie Weiner

                                                                      *Counsel of Record for Schools, Health & Libraries Broadband Coalition*

# **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document complies with the requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in 14-point Times New Roman font. I further certify that the foregoing document complies with the requirements of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 686 words according to the word-count feature of Microsoft Word.

/s/ Stephanie Weiner
Stephanie Weiner

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 3, 2022, the foregoing document was filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit. Service was accomplished on all parties or their counsel of record via CM/ECF.

/s/ Stephanie Weiner
Stephanie Weiner
