# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CONSUMERS' RESEARCH; CAUSE BASED COMMERCE, INC.; KERSTEN CONWAY; SUZANNE BETTAC; ROBERT KULL; KWANG JA KIRBY; TOM KIRBY; JOSEPH BAYLY; JEREMY ROTH; DEANNA ROTH; LYNN GIBBS; PAUL GIBBS; RHONDA THOMAS,<br>       *Petitioners*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,<br>       *Respondents* | No. 22-60195 |

## UNOPPOSED JOINT MOTION TO INTERVENE OF USTELECOM, NTCA, AND CCA

Pursuant to 28 U.S.C. § 2348 and Rule 15(d) of the Federal Rules of Appellate Procedure, USTelecom – The Broadband Association ("USTelecom"), National Telecommunications Cooperative Association d/b/a NTCA – The Rural Broadband Association ("NTCA"), and the Competitive Carriers Association ("CCA") (collectively, "Proposed Intervenors") hereby move for leave to intervene in support of Respondents.

Pursuant to Fifth Circuit Rule 27.4, Proposed Intervenors have discussed this motion with counsel for Respondents, the Federal Communications Commission

1

("FCC") and the United States, as well as Petitioners, and all have stated that they consent to or do not oppose the grant of this motion.

Petitioners seek review of the FCC's deemed approval ("Deemed Approval") of the *Proposed Second Quarter 2022 Universal Service Contribution Factor*, CC Docket No. 96-45, DA 22-268 (rel. Mar. 14, 2022) ("Proposed USF Contribution Factor"), and review of the Proposed USF Contribution Factor to the extent it is incorporated into the Deemed Approval. The Proposed USF Contribution Factor and its Deemed Approval are used to determine contributions to the federal universal service support mechanisms.

USTelecom is a non-profit association representing service providers and suppliers for the telecom industry. USTelecom members provide a full array of services, including broadband, voice, data, and video over wireline and wireless networks. Its diverse member base ranges from large publicly traded communications corporations to small companies and cooperatives—providing advanced communications services to both urban and rural markets across the country.

NTCA is a general cooperative association whose membership is composed of nearly 850 independent, family-owned and community-based telecommunications companies providing voice and broadband services in rural areas. NTCA's members build and deliver connectivity and operate essential

services in rural and small-town communities across the United States. NTCA's members use universal service funds to serve customers who would otherwise go unserved or who would face the prospect of paying rates for services far in excess of those available in urban areas.

CCA is the nation's leading association for competitive wireless providers and stakeholders across the United States. CCA's membership includes nearly 100 competitive wireless providers ranging from small, rural carriers serving fewer than 5,000 customers to regional and national providers serving millions of customers. CCA also represents nearly 200 associate members including vendors and suppliers that provide products and services throughout the mobile communications supply chain. CCA's members use universal service funds to serve customers who would otherwise go unserved.

Proposed Intervenors are entitled to intervene because their interests, along with the interests of their members, are affected by the Proposed USF Contribution Factor and its Deemed Approval. *See* 28 U.S.C. § 2348 (providing that "associations . . . whose interests are affected by the order of the agency[] may intervene in any proceeding to review the order"). The contribution factor adopted in the Proposed USF Contribution Factor and its Deemed Approval, and the universal service contribution collection mechanism of which it is a part (and which the Petitioners challenge), are the funding mechanism for the FCC's universal service programs.

Member companies of USTelecom, NTCA, and CCA receive funding from these universal service programs that allows them to deploy network infrastructure in rural and high-cost areas and provide subsidized service to low-income consumers, schools and libraries, and rural health care providers. As such, the universal service funding collected pursuant to the Proposed USF Contribution Factor and its Deemed Approval is part of the Proposed Intervenors' members' revenue stream and would be cut off if the Petition for Review were granted, harming their ability to serve the consumers and communities who depend on the availability of voice and broadband services provided by Proposed Intervenors.

Accordingly, Proposed Intervenors respectfully request that this motion to intervene in support of Respondents be granted.

Dated: May 5, 2022

Respectfully submitted,

 /s/ Jennifer Tatel
Jennifer Tatel
  *Counsel of Record*
Craig E. Gilmore
Wilkinson Barker Knauer, LLP
1800 M Street NW, Suite 800N
Washington, DC 20036
(202) 783-4141
jtatel@wbklaw.com
cgilmore@wbklaw.com
*Counsel for USTelecom, NTCA, CCA*

# CERTIFICATE OF INTERESTED PERSONS
## Required By 5th Cir. R. 28.2.1

*Consumers' Research et al. v. Federal Communications Commission et al.*
No. 22-60195

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

<u>Petitioners</u>

1. Consumers' Research. It has no parent corporation, and no public held corporation owns 10% or more of its stock.

2. Cause Based Commerce, Incorporated. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

3. Kersten Conway

4. Suzanne Bettac

5. Robert Kull

6. Kwang Ja Kerby

7. Tom Kirby

8. Joseph Bayly

9. Jeremy Roth

10. Deanna Roth

11. Lynn Gibbs

12. Paul Gibbs

13. Rhonda Thomas

<u>Respondents</u>

14. Federal Communications Commission

15. United States of America

<u>Intervenors</u>

16. Benton Institute for Broadband & Society.  It has no parent corporation, and no public held corporation owns 10% or more of its stock.

17. National Digital Inclusion Alliance.  It has no parent corporation, and no public held corporation owns 10% or more of its stock.

18. Center for Media Justice (d/b/a MediaJustice).  It has no parent corporation, and no public held corporation owns 10% or more of its stock.

19. Schools, Health & Libraries Broadband Coalition.  It has no parent corporation, and no public held corporation owns 10% or more of its stock.

20. USTelecom – The Broadband Association.  It has no parent corporation, and no public held corporation owns 10% or more of its stock.

21. National Telecommunications Cooperative Association d/b/a NTCA – The Rural Broadband Association. It has no parent corporation, and no public held corporation owns 10% or more of its stock.

22. Competitive Carriers Association. It has no parent corporation, and no public held corporation owns 10% or more of its stock.

Counsel

23. Boyden Gray & Associates PLLC: C. Boyden Gray, R. Trent McCotter, Jonathan Berry, Michael Buschbacher, and Jared M. Kelson are counsel for Petitioners.

24. Federal Communications Commission: James M. Carr, Jacob M. Lewis, and Adam Crews are counsel for Respondent FCC.

25. United States Department of Justice: Gerard J. Sinzdak is counsel for Respondent United States of America.

26. Andrew Jay Schwartzman is counsel for Intervenors Benton Institute for Broadband & Society, National Digital Inclusion Alliance, and Center for Media Justice.

27. Harris, Wiltshire & Grannis, LLP: Stephanie Weiner and Jason Neal are counsel for Intervenors Schools, Health & Libraries Broadband Coalition.

28. Wilkinson Barker Knauer, LLP: Jennifer Tatel and Craig Gilmore are counsel for Intervenors USTelecom – The Broadband Association, National Telecommunications Cooperative Association d/b/a NTCA – The Rural Broadband Association, and Competitive Carriers Association.

*/s/ Jennifer Tatel*
Jennifer Tatel

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.　　This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

- **X**　　this document contains 620 words, **or**
- ☐　　this brief uses a monospaced typeface and contains N/A lines of text.

2.　　This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

- **X**　　this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font, **or**

- ☐　　this document has been prepared in a monospaced typeface using N/A with N/A.

_/s/ Jennifer Tatel_

Attorney for    USTelecom, NTCA, & CCA

Dated:　May 5, 2022

## CERTIFICATE OF SERVICE

I hereby certify that, on May 5, 2022, I electronically filed the foregoing Motion to Intervene and Circuit Rule 28.2.1 Certificate of Interested Persons with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Jennifer Tatel*
Jennifer Tatel
